## John J. Healy v. Thomas Bateman.

In the 8th section of the " act prescribing the forms of writs and the manner of serving them," which exempts from attachment, in favor of the house-keeper, " the working tools necessary for his usual occupation," to the value of fifty dollars, and in favor of any debtor, " his working-tools," to the same value, the same meaning is to be attached to the language in both instances, and should be construed to include not only such tools as are indispensably necessary to the mechanic, or even such as are in general use by individuals of the same craft, but also such as the indi

Healy *v.* Bateman.

vidual in question has adopted to facilitate and diminish his labor, and not only working tools, so called in the dictionary and by learned men, but such as are so called by the craft, such as the individual uses and has set apart as tools for the advantageous prosecution of his business.

THIS was an action of trover, brought by the plaintiff against the defendant, for the conversion of four mortar beds, four staying planks, and a half hogshead, attached by the defendant on an execution in favor of Thomas W. Cory, as the goods and chattels of the plaintiff, and which the plaintiff claimed were exempt from attachment, he being at the time a house-keeper, and said articles being his working tools, necessary for his usual occupation, and of less value than fifty dollars. The action was commenced before a justice of the peace, and appealed to the Court of Common Pleas, STAPLES, J. presiding, where it was agreed to be tried without a jury. At the trial it was proved that the plaintiff was a master mason and a house-keeper, and that he used the articles described in his business. It was also shown, that some master masons in Providence, East Greenwich, and Pawtucket did not use portable mortar beds in their business, nor have staying plank of their own, nor use a half hogshead for purposes of bringing water to mix mortar, but made their mortar where they were going to use mortar, generally of materials belonging to their employers ; that they used also his refuse lumber for their staying, and procured water as circumstances required, while others owned their mortar beds, (rough boxes, made of plank or board, like those sued for,) and carried them from place to place along with their staying plank, where staying would be necessary, also their water casks. It was shown for the plaintiff, that part of the mortar beds and plank, and also the water hogshead, had been much used at the time of

the attachment, that all his tools and implements were of less value than fifty dollars, and not of twenty dollars value, and that one mortar bed and two staying planks were left in the possession of the plaintiff, not having been found by the officer or by said Cory.

Under this state of facts it was ruled and decided by Justice STAPLES, that the manifest intent of the legislature to secure to the mechanic the means of pursuing his ordinary calling ought to be carried out in its application to each case; that, though in one place in the section the terms used are "working tools," and in another in relation to house-keepers, "working tools necessary for his usual occupation," the same meaning is to be applied to each, as it could not have been the intent to protect less tools for the house-keeper than for any other debtor; that the terms should not be construed to mean only such working tools as should be indispensably necessary to the mechanic, or even such as are in general used by individuals of the same craft, but such as the individual in question has adopted to facilitate and diminish his labor and make it more profitable, in no case to exceed fifty dollars in value; that the terms mean not exclusively what the dictionary and learned men call tools, but what are called so by the craft and in the workshop, what the mechanic uses and has set apart as tools. The defendant contended, because the plaintiff borrowed, on the day of the sale of the property attached, all of said property except the water hogshead, of the purchaser, although he had used none of it at the time of the trial, and one of the mortar-beds was taken back soon after it was borrowed, as the purchaser wanted to use it, that said plaintiff thereby ratified said sale and assented to the attachment under which it was made. This view was not

adopted by the Court, nor was the inference drawn by the defendant deemed the legal one from the facts proved.

The case came up upon exceptions to the rulings of the Court of Common Pleas.

*Bowen,* for the plaintiff.

*Winsor,* for the defendant.

BRAYTON, J. delivered the opinion of the Court.

In this case it appears, that in the Court below a trial by jury was waived, as the parties might do under the statute, and the whole case submitted to the Court upon the law and the facts.

The case is brought here, not by appeal, which would open the whole case here for a new trial upon the facts, but by a bill of exceptions, by which the questions of law decided by the Court below only are open.

The rules of law applicable are very clearly laid down in the reasons assigned for the rulings in the case. From the view of the law taken by that Court we see no reason to dissent. It certainly could not have been intended that the terms, "tools necessary for his usual occupation," should be understood to mean those of absolute necessity, viz., such without which the debtor could not prosecute his work at all, but such as are reasonably necessary for the prosecution of it advantageously and usefully. Any other construction would be very little protection, since any mechanic may in some way go on with his work with a very much smaller amount of tools than are usually supposed to be necessary for doing his work to advantage.

Now this kind of necessity may very well exist in relation to one individual, and not as regards another. It is by availing himself of new tools, often improved and better adapted to the prosecution of his labor, that improvements are made by the mechanic, and there is no reason why they should not be as much protected on their first introduction, as after they should have come into general use. Every mechanic has some tools not used by others.

Having no reason to overrule the law as laid down in this case, it is not necessary for us to say whether we should have come to the same conclusion upon the evidence. With the facts we have nothing to do. The question of fact, whether the articles in question were tools necessary to the usual occupation of the plaintiff, was the question submitted to the Court, as it would have been to a jury, but it is not a question open here. The parties are bound by the finding of the Court, as they would have been by a verdict in the cause.

*Judgment affirmed, with additional costs.*